IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUNYA G. CARTER, | ) | 4:15CV3082 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ELROY LEE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a preliminary review of Plaintiff Sunya Carter's Complaint (Filing No. 1). Carter sues Defendant Elroy Lee Brown based on a theory of "[t]heft by deception related to fraudulent misuse of federal death benefits." (Filing No. 1 at CM/ECF p. 4.) Carter alleges Brown misused "Social Security death benefits" in the amount of $6,570, which were designated for the care of Brown's biological child. Carter, who is currently the child's guardian, seeks to recoup these misused benefits from Brown. (Filing No. 1 at CM/ECF pp. 2-3.) For the reasons explained below, this court lacks subject-matter jurisdiction over this action. Accordingly, the court will dismiss this case without prejudice to reassertion in a state district court.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Here, Carter seeks to recover money allegedly owed to her by Brown based on a theory of "fraud." Carter and Brown are both citizens of Nebraska and the amount

in controversy is $6,570.  Therefore, the citizens are not diverse and the amount in controversy does not exceed $75,000.  In addition, there is no discernible "federal question" based on the facts alleged in the Complaint.  Accordingly, this court must dismiss this case because it has determined that it lacks subject-matter jurisdiction over it.  *See* [Fed. R. Civ. P. 12(h)(3)](#) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") To the extent Carter intends to assert some sort of state fraud or conversion action against Brown, she must do so in a state district court.

IT IS THEREFORE ORDERED that: The court lacks subject-matter jurisdiction over this action and the case is dismissed without prejudice to reassertion in state court.  The court will enter judgment by a separate document.

DATED this 20th day of November, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.